UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 19-02207-MWF (KKx) | **Date:** November 29, 2022 |
| **Title:** Shyrome Hardmon v. Ascena Retail Group, Inc., et al | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [32]

Before the Court is Class Plaintiffs Shyrome Hardmon and Karla Catoliato's unopposed Motion for Final Approval of Class Action Settlement (the "Motion"), filed on August 29, 2022. (Docket No. 32).

The Motion was noticed to be heard on September 26, 2022. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing was also consistent with General Order 21-08 and Order of the Chief Judge 21-124 arising from the COVID-19 pandemic.

The Motion is **GRANTED** because the settlement agreement is fair, reasonable, and adequate to serve the interests of the Class Members, particularly in light of Defendant's current bankruptcy. Further, the court approves the request for attorneys' fees of $66,666.67, attorney costs of $3,428.92, the claims administration costs of $17,850, and the service payments of $3,500 for the two named plaintiffs because each request is reasonable as discussed further below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 19-02207-MWF (KKx)          Date:  November 29, 2022
Title:    Shyrome Hardmon v. Ascena Retail Group, Inc., et al

## I. BACKGROUND

### A. Factual and Procedural Background

This is a wage and hour class action against Defendant Ascena Retail Group Inc. on behalf of all hourly employees in the state of California from October 11, 2015, through May 15, 2021.  (Docket No. 24 ("Consolidated Complaint")).

This action is the product of two consolidated cases:  (1) *Shyrome Hardmon v. Ascena Retail Group, Inc.*, Case No. RIC1905159, filed on or about October 11, 2019 in the Superior Court of the State of California for the County of Riverside and removed to this Court on or about November 15, 2019; and (2) *Karla Catoliato v. Ascena Retail Group, Inc.,* Case No. 5:20-cv-00019-MWF-KKx, filed in this Court and subsequently consolidated.  The Class Plaintiffs filed a Consolidated Complaint on November 29, 2021.  (*Id*.).

Prior to consolidation, Defendant filed a Notice of Suggestion of Bankruptcy on July 29, 2020.  (Docket No. 21).  This notified the Court of Defendant's voluntary bankruptcy petition filed in the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court").

On or about February 25, 2021, the Bankruptcy Court entered an order confirming the bankruptcy plan.  (Motion at 2).  The confirmed plan became effective on March 5, 2021, but thereafter, on March 11, 2021, and March 25, 2021, respectively, two notices of appeal were filed with respect to the plan's release and exculpation provisions.  (*Id*.).  The District Court for the Eastern District of Virginia issued an order vacating the confirmed plan's release and exculpation provisions and remanded it back to the Bankruptcy Court.  (*Id*.).  On March 3, 2022, the Bankruptcy Court re-confirmed the plan, empowering the plan administrator once again to fund the settlement.  (*Id*.).

Class Plaintiffs' allegations are summarized as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. EDCV 19-02207-MWF (KKx)      Date: November 29, 2022
Title:    Shyrome Hardmon v. Ascena Retail Group, Inc., et al

For Defendant's hourly-paid, non-exempt warehouse and distribution center employees, Defendant has:

- Failed to pay all overtime;
- Failed to pay overtime wages at the appropriate overtime pay rate;
- Failed to pay wages for all hours worked;
- Failed to provide all paid off premise rest periods;
- Failed to provide compliant meal and rest breaks;
- Derivatively failed to timely furnish accurate itemized wage statements;
- Derivatively violated California Labor Code section 203;
- Independently failed to timely furnish accurate itemized wage statements;
- Independently violated California Labor Code section 203;
- Incurred penalties pursuant to California Labor Code sections 2698, et seq.;
- Failed to pay sick pay at the legal pay rate;
- Failed to provide standards to regulate excessive indoor heat;
- Failed to pay accrued vacation pay; and
- Conducted unfair business practices.

(Consolidated Complaint ¶ 9).

Based on these allegations, Class Plaintiffs assert thirteen claims for relief. (*Id*. ¶¶ 34–173).

Formal discovery did not take place. But the parties did exchange certain categories of information in advance of a scheduled mediation, including the number of employees, work weeks, and pay periods at issue. (Motion at 2). However, the mediation was canceled due to Defendant's pending bankruptcy. (*Id*.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 19-02207-MWF (KKx)          **Date:** November 29, 2022
**Title:**     Shyrome Hardmon v. Ascena Retail Group, Inc., et al

On April 18, 2022, Class Plaintiffs filed the present Motion, seeking preliminary approval of the parties' settlement and the form and manner of dissemination of the notice of settlement to the class.

### B.     The Settlement

The proposed settlement agreement (the "Agreement" or "Settlement") is attached to the Declaration of Marcus J. Bradley ("Bradley Decl. #1") as Exhibit 1, submitted in support of Plaintiffs Motion for Preliminary Approval. (Docket No. 30-1). The Agreement contains the following key class definition, monetary relief, notice, and release provisions:

- "Class Member(s)" or "Settlement Class" means all current and former hourly-paid, non-exempt employees who worked for Defendant in California during the period of October 11, 2015 to May 15, 2021. (Bradley Decl. # 1 ¶ 5).

- "Maximum Settlement Amount" means the maximum settlement amount of Two Hundred Thousand Dollars ($200,000) to be paid by Defendant in full satisfaction of all Released Claims, which includes all Individual Settlement Payments to Participating Class Members, the Enhancement Payment, Settlement Administration Costs, the PAGA Settlement Amount (consisting of the LWDA Payment and the Representative Action Settlement Payment), the Attorneys' Fees and Costs, and employee payroll taxes. Defendant shall not be liable for more than the Maximum Settlement Amount, with the exception of employer-side payroll taxes. (*Id*. ¶ 17).

- "Released Parties" means Defendant and its parent and subsidiary corporations, divisions and affiliated corporations, insurers, purchasers, partnerships, employee benefit plans, or other affiliates, past and present, as well as each of their shareholders, owners, employees, officers, directors, agents, servants, insurers, re-insurers, attorneys, contractors, successors, and assigns, past or present. (*Id*. ¶ 29).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 19-02207-MWF (KKx) | Date:  November 29, 2022 |
| Title:     Shyrome Hardmon v. Ascena Retail Group, Inc., et al | |

- Thirty calendar days after the Effective Date, Defendant will make a one-time deposit of all Court-approved amounts from the Maximum Settlement Amount into a Qualified Settlement Fund ("QSF") to be established as a trust by the Settlement Administrator. If no documents seeking appeal, review, rehearing, reconsideration, vacatur, or any other action regarding the Settlement Agreement are filed, the funds will be distributed to (a) all Participating Class Members; (b) Representative Action Members; (c) the LWDA; (d) Plaintiffs; and (e) Class Counsel within seven (7) calendar days after receipt of funds from Defendant. (*Id*. ¶ 38).

- Defendant agrees not to oppose any application or motion by Class Counsel for attorneys' fees of not more than $66,666.67, plus the reimbursement of costs and expenses associated with Class Counsel's litigation and settlement of the Action, not to exceed $4,500, both of which will be paid from the Maximum Settlement Amount, provided that such application or motion is consistent with this Settlement Agreement and Class Counsel has not breached and is in compliance with this Settlement Agreement. (*Id*. ¶ 39).

- Individual Settlement Payments will be calculated and apportioned from the Net Settlement Amount based on the number of Workweeks a Participating Class Member is calculated to have worked during the Class Period. (*Id*. ¶ 44); (*see id*. ¶¶ 44(a)–(d) (detailing specific calculations)).

The Court preliminarily approved this Settlement on May 12, 2022. ("Prior Order" (Docket No. 31)). Plaintiffs' counsel indicates in their Motion that notice was sent to Class Members in the manner approved by the Court. (Motion at 12). As of the date that the Motion was filed, no Class Member objected to or opted out from the Settlement. (*Id*.).

## II.   LEGAL STANDARD

Before approving a class-action settlement, Rule 23 of the Federal Rules of Civil Procedure requires the Court to determine whether the proposed settlement is fair,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. EDCV 19-02207-MWF (KKx) | Date: November 29, 2022 |
| Title: Shyrome Hardmon v. Ascena Retail Group, Inc., et al | |

reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: [1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the Class Members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (internal citation and quotation marks omitted) (applying the factors announced in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

"The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must stand or fall in its entirety." *Staton*, 327 F.3d at 960 (quoting *Hanlon*, 150 F.3d at 1026). "The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair." *Linney v. Cellular Alaska P'ship*, Nos. C–96–3008 DLJ, C–97–0203 DLJ, C–97–0425 DLJ, C–97–0457 DLJ, 1997 WL 450064, *5 (N.D. Cal. July 18, 1997), *aff'd,* 151 F.3d 1234, 1234 (9th Cir. 1998).

"In addition, the settlement may not be the product of collusion among the negotiating parties." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

### III. DISCUSSION

Plaintiffs seek approval of the Settlement, which consists of a $200,000 common fund that awards $41.92 to the average class member. (Motion at 4). Plaintiffs also seek approval of attorneys' fees of $66,666.67, attorney costs of $3,428.92, the Claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 19-02207-MWF (KKx)          **Date:** November 29, 2022
**Title:**     Shyrome Hardmon v. Ascena Retail Group, Inc., et al

Administration's costs of $17,850, and service payments of $3,500 for the two named plaintiffs. (Motion at 5).

### A.    Final Approval of Class Action Settlement

The proposed settlement is the outcome of an arms-length negotiation amongst experienced counsel.

Class counsel has extensive experience in employment litigation and class actions. (*See* Declaration of Kevin T. Barnes ("Barnes Decl.") ¶¶ 2-7; Declaration of Raphael Katri ("Katri Decl.") ¶¶ 3-5; Declaration of Marcus Bradley ("Bradley Decl. #2") ¶¶ 11-21) (Docket No. 32-2). For instance, counsel has served as lead and co-lead counsel in numerous class actions in state and federal courts. Also, defense counsel are equally renowned for their experience in employment litigation.

While this case settled before any dispositive motions were filed and before any discovery occurred, the early resolution is certainly due to Defendant's impending bankruptcy and not a result of collusion from either party. Indeed, the parties conducted informal discovery prior to a scheduled mediation session with an experienced wage and hour class action mediator, Michael E. Dickstein, but the mediation was canceled after Defendant filed for bankruptcy. *See Alberto*, 252 F.R.D. at 666-67 (noting the parties' enlistment of "a prominent mediator with a specialty in [the subject of the litigation] to assist the negotiation of their settlement agreement" as an indicator of non-collusiveness) (citing *Parker v. Foster*, No. 05-cv-0748-AWI, 2006 WL 2085152, at *1 (E.D. Cal. July 26, 2006)).

Furthermore, the *Hanlon* factors listed above also favor final approval of the proposed settlement.

### 1. Strength of Plaintiff's case and risk, expense, complexity, and likely duration of further litigation

When assessing the strength of a plaintiff's case, the court does not reach "any ultimate conclusions regarding the contested issues of fact and law that underlie the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 19-02207-MWF (KKx) | **Date:** November 29, 2022 |
| **Title:** Shyrome Hardmon v. Ascena Retail Group, Inc., et al | |

merits of this litigation." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 720 F. Supp. 1379, 1388 (D. Ariz. 1989).

In the Motion, Plaintiffs' counsel contends that the parties reached the settlement after informal discovery and extensive research with respect to the applicable law and potential defenses to the claims. (Motion at 8). Based on the documents and information provided by Defendant, and their own independent investigation and evaluation, Plaintiffs' counsel indicates that the terms of the settlement are fair and reasonable in light of the risk and uncertainty of continued litigation, various defenses asserted by counsel, and the current bankruptcy. (*Id.* at 8-9). Counsel indicates that this case dealt with an area of law that is "very much in dispute and the courts of appeal are very active in rest break litigation," which made this a "very risky case." (*Id.* at 21).

Moreover, the risks related to class certification, trial, and the prospect of appeals by the losing party are real risks and could lead to further protracted litigation, delay, and increased costs. The settlement avoids those risks and the accompanying expenses. *See, e.g., In re Portal Software, Inc. Securities Litig.*, Case No. C-03-5138 VRW, 2007 WL 4171201 at *3 (N.D. Cal. Nov. 26, 2007) (noting that the "inherent risks of proceeding to summary judgment, trial and appeal also support the settlement").

Ultimately, however, the decision to settle was influenced by Defendant's bankruptcy filing. If litigation were to continue, the proceedings would be intertwined with Defendant's bankruptcy, which would create further complexity and delay. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (emphasizing the requirement that courts "consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation") (citation omitted).

Therefore, on balance, this factor seems to favor final approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 19-02207-MWF (KKx)              Date:  November 29, 2022
Title:     Shyrome Hardmon v. Ascena Retail Group, Inc., et al

### 2. Risk of maintaining class action status throughout the trial

Plaintiffs had not yet prevailed on class certification when the parties reached the proposed settlement, and counsel notes the "substantial" risks of failing to obtain certification and any subsequent motion by Defendant to decertify prior to and throughout the trial. (Motion at 9). Therefore, this factor supports final approval of the Settlement.

### 3. Amount offered in settlement

The Court concludes, particularly considering the current bankruptcy, that the $200,000 offered in the settlement is reasonable. The Court looks at "the complete package taken as a whole, rather than the individual component parts" in making this determination. *Officers for Justice*, 688 F.2d at 628 (9th Cir. 1982).

The final Class Member list contained 2,059 members. (Declaration of Jarrod Salinas ("Salinas Decl.") ¶ 3 (Docket No. 32-2)). The highest individual proposed settlement is $248.61, and the lowest proposed individual settlement payment is $0.88, with the average individual settlement payment to be paid being approximately $41.92. (*Id.* ¶ 11). Additionally, $25,000 of the gross settlement fund will be allocated to settlement of the Private Attorney General Act ("PAGA") claims; 75% of which will be paid to the Labor Workforce Development Agency ("LWDA") ($18,750) and 25% of which shall be distributed to Class Members ($6,250). (Motion at 5). Further, there is no reversion to the Defendant, and Defendant will pay their share of payroll taxes in addition to the total Settlement amount. (*Id.* at 10).

The Motion does not engage in any comparative analysis regarding Plaintiffs estimated maximum recovery at trial verses the amount offered by the Settlement. This makes it difficult for the Court to gauge just how successful the resolution is for Plaintiffs. By any measure the amounts Class Members will receive certainly cannot be characterized as a windfall. Nonetheless, the Court acknowledges that the Settlement provides a definite recovery that is reasonable in light of the strengths of Plaintiffs' case, the risks of further litigation, the risks of failing to obtain certification,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 19-02207-MWF (KKx) | **Date:** November 29, 2022 |
| **Title:** Shyrome Hardmon v. Ascena Retail Group, Inc., et al | |

the risks of prevailing at trial, and the affect a bankruptcy has on any Settlement. *Officers for Just.*, 688 F.2d at 628 ("It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not *per se* render the settlement inadequate or unfair."). Although not overwhelmingly, this factor favors approval of the Settlement.

### 4. Extent of Discovery Completed and Stage of the Proceedings

The Court must evaluate whether "the parties have sufficient information to make an informed decision about settlement." *Linney*, 151 F.3d at 1239.

As noted in the preliminary approval of this Settlement, the docket in this case does not reflect vigorous litigation. For example, there were no dispositive motions filed at any time and no formal discovery was ever conducted. Nonetheless, Plaintiffs' counsel indicates that they conducted extensive research and assessed the documents that were exchanged informally between the parties, allowing them to make an informed decision about the Settlement. (Motion at 8).

Moreover, where a Defendant's bankruptcy may limit recoverable damages, a speedy resolution is favorable because additional litigation costs would likely reduce the over settlement amount available. *Neary v. Regents of University of California*, 3 Cal. 4th 273, 277 (1992) ("Settlement is perhaps most efficient the earlier the settlement comes in the litigation continuum."). Therefore, this factor supports final approval.

### 5. Experience and Views of Counsel

"The recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citing *Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 622 (N.D. Cal. 1979)).

As noted, class counsel have substantial experience in wage and hour class action cases. (*See* Barnes Decl. ¶¶ 2-7; Katri Decl. ¶¶ 3-5; Bradley Decl. #2 ¶¶ 11-21).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 19-02207-MWF (KKx)          **Date:** November 29, 2022
**Title:** Shyrome Hardmon v. Ascena Retail Group, Inc., et al

Counsel indicates that they consider this "an excellent settlement given the risk involved." (Motion at 9). Since counsel is familiar with the details of this particular action and has significant employment class action experience, their view that the Settlement is not only fair, but an excellent result, weighs in favor of approval.

### 6. Presence of Governmental Participants

Plaintiff has complied with all statutory notice requirements prior to bringing their claims under PAGA in the California Labor Code. The $25,000 PAGA payment called for in the Settlement will be distributed to LWDA and Class Members in accordance with the California Labor code as well. The LWDA received notice of the Settlement prior to the Preliminary Approval Motion and have not voiced any objection to the proposed Settlement. (*See* Barnes Decl. ¶ 25). The State's receipt of a monetary contribution also favors approving the Settlement here.

### 7. Objections to the Settlement

The Claims Administrator indicates that at the time of filing, no class member had objected nor opted out of the Settlement. (Salinas Decl. ¶¶ 8-9). "It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the Class Members." *Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004). After receiving notice of the proposed settlement, the class has been almost entirely silent. By any standard, the lack of objection favors final approval. *See, e.g., Churchill Village LLC v. Gen. Elec.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming settlement with 45 objections out of 90,000 notices sent).

Based on the *Hanlon* factors, the Court concludes that the Settlement is reasonable, fair, and adequate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 19-02207-MWF (KKx)          Date:  November 29, 2022
Title:      Shyrome Hardmon v. Ascena Retail Group, Inc., et al

### B.  **Attorneys' Fees**

In the Ninth Circuit, there are two primary methods to calculate attorneys' fees: the lodestar method and the percentage-of-recovery method.  *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015) (citation omitted).

"The lodestar method requires 'multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer.'"  *Id.* (citation omitted).  "Under the percentage-of-recovery method, the attorneys' fees equal some percentage of the common settlement fund; in this circuit, the benchmark percentage is 25%."  *Id.* (citation omitted).  However, the "benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors."  *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

"The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases."  *Martin v. Ameripride Services, Inc.*, No. 08-cv-440–MMA, 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002)).  The choice of "the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case."  *Vizcaino*, 290 F.3d at 1048.

As noted above, counsel apply for a fee award of $66,666.67.  This amount equates to 33.33% of the gross settlement fund, which exceeds the Ninth Circuit's 25% "benchmark" for attorneys' fees in class actions.  In the preliminary approval of this Settlement, the Court recognized that Defendant's pending bankruptcy may present "special circumstances indicat[ing] that the percentage recovery would be either too

---

**CIVIL MINUTES—GENERAL**                                                              12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV 19-02207-MWF (KKx) | **Date:** November 29, 2022 |
| **Title:** Shyrome Hardmon v. Ascena Retail Group, Inc., et al | |

small or too large in light of the hours devoted to the case or other relevant factors." (Prior Order at 9) (citing *Six Mexican Workers*, 904 F.2d at 1311).

The Court also notes that although 33.3% is higher than the 25% benchmark, it is consistent with cases involving smaller funds. *See Craft v. Cty. of San Bernardino*, 624 F. Supp. 2d 1113, 1127 (C.D. Cal. 2008) ("Often, but not always, fees of less than 25% will be awarded in megafund cases (cases of $50 Million or more); *see also Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 297-98 (N.D. Cal.1995) ("Most of the cases Class Counsel have cited in which high percentages such as 30-50 percent of the fund were awarded involved relatively smaller funds of less than $10 million."); *Schiller v. David's Bridal, Inc.*, No. CV 10-00616-AWI, 2012 WL 2117001, at *17 (E.D. Cal. June 11, 2012) (approving a nearly one-third fee in a case involving a settlement fund of $518,245); *Campbell v. Best Buy Stores, L.P.*, No. CV 12-07794-JAK (JEMx), 2016 WL 6662719, at *7 (C.D. Cal. Apr. 5, 2016) (approving a one-third fee of the total settlement amount of $674,500); ) *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482 (E.D. Cal. 2010) (wage-and-hour action putative class-action settlement approving attorneys' fees in the amount of 33.3% of the common fund); *Williams v. Brinderson Constructors, Inc.*, No. CV 15-02474-MWF (AGRx), 2017 WL 490901, at *4 (C.D. Cal. Feb. 6, 2017) (this Court approving a 33.3% attorney fee award in a case involving settlement fund of $300,000)

In addition, the factors listed above all favor approving the request for attorneys' fees:

***As to the first and second factors***, as discussed, the results achieved were reasonable considering the risks of continued litigation and the pending bankruptcy.

***As to the third factor***, the skill required from Plaintiffs' counsel in this case was high, given the area of law is in flux and niche.

***As to the fourth factor***, the case was taken on a contingency basis and Plaintiffs' counsel fronted all expenses.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 19-02207-MWF (KKx)              Date:  November 29, 2022
Title:       Shyrome Hardmon v. Ascena Retail Group, Inc., et al

*As to the fifth factor*, counsel litigated this case for over two years and invested substantial time and effort in the case.

*As to the sixth factor*, the Court discussed above that recoveries in smaller cases tend to be above the 25% benchmark.

Also, based on a loadstar cross-check, the Court is satisfied that the fee amount is reasonable.  In its Order preliminarily approving of the settlement, the Court noted that "***Class Counsel should be prepared to justify any departure from the Ninth Circuit's 25% benchmark at the final settlement conference.***" (*Id*.).  The Court explained that to justify such a departure counsel should make a "loadstar showing and present argument as to why an upward departure is justified under the circumstances." (*Id*.); *see also Vizcaino*, 290 F.3d at 1050 (approving use of loadstar method as a cross-check on reasonableness of fee under percentage-of-recovery method).

Plaintiffs' counsel has claimed that their loadstar fee amounts to $158, 850.  (Motion at 19).  This is based on a claimed 216.1 hours of work across six attorneys at the following rates: $795, $775, $750, $700, $650, $600.  (*Id.*).  Counsel supports these claimed rates and hours by providing their own declarations as well as a declaration from an attorney fee expert, Richard M. Pearl.  The Court acknowledges that while the claimed rates are on the upper end of the scale, Plaintiffs' counsel have substantial experience.  Indeed, the attorney with the least amount of experience has been practicing for over fourteen years and the most senior attorney on the case has over 30 years of experience.  (*See generally* Barnes Decl.; Bradley Decl. #2; Katri Decl.).  Beyond just years in practice, each of the attorneys are clearly well-renowned and have had significant success representing plaintiffs across several employment class actions.  (*Id.*).  The Court concludes that the rates claimed by counsel are justified.

On the other hand, the Court is underwhelmed by the support provided by counsel regarding the number of hours reasonably expended.  The Court simply cannot accept the claimed loadstar fee at face value because only one of the six attorneys provided detailed time records.  While counsel argues that under California law detailed billing records are not required, in the absence of such crucial information explaining how an attorney's time was actually spent, the "court is placed in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** EDCV 19-02207-MWF (KKx)         **Date:** November 29, 2022
**Title:**      Shyrome Hardmon v. Ascena Retail Group, Inc., et al

position of simply guessing at the actual value of the attorney's services." *See Computer Econ., Inc. v. Gartner Grp., Inc.*, No. 98-CV-0312 TW (CGA), 1999 WL 33178020, at *8 (S.D. Cal. Dec. 14, 1999) (citation omitted); *Ellerd v. Cnty. of Los Angeles*, No. CV 05-1211 SVW (CWX), 2010 WL 11679622, at *4 (C.D. Cal. Feb. 4, 2010) ("Detailed time and billing records may not be absolutely essential to fee recovery in state practice, but it is foolhardy to practice without such records.") (citing Paul W. Vapnek, et al., *Cal. Practice Guide: Professional Responsibility* § 5:1049-1105 (2009 update)).

      Further, even if declarations of counsel are generally sufficient to support a loadstar calculation, the declarations provided here fail to provide the requisite detail explaining the services performed. *Martino v. Denevi*, 182 Cal. App. 3d 553, 554, 227 Cal. Rptr. 354 (1986) ("[A]n attorney should present documentary and oral evidence of the services actually performed."). For example, Mr. Barnes states that the parties engaged in a "significant amount of investigation, informal class-wide discovery and analysis." (Barnes Decl. ¶ 8). This vague statement does not give the Court any idea what counsel personally did in the 44 hours he worked on this case.

      Documentation revealing the work performed by each attorney is of particular importance in a case where there was no motion practice, no mediation, and no discovery. *Id.* at 558 ("In many cases [but not all] the trial court will be aware of the nature and extent of the attorney's services from its observation of the trial proceedings and the pretrial and discovery proceedings reflected in the file."). Here six highly experienced attorneys claim to have worked over 200 hours on a case that settled before any motion practice. While the Court does not suggest that the attorneys did not actually spend over 200 hours on the case, the Court has no way of determining if those hours were "reasonably expended" or whether some of the hours are duplicative entries or were spent on tasks that should have been done by less experienced attorneys, paralegals, or secretaries. *See In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ("The lodestar figure is calculated by multiplying the number of hours the prevailing party ***reasonably expended*** on the litigation (as ***supported by adequate documentation***) by a reasonable hourly rate[.]") (emphasis added); *Laffitte v. Robert Half Internat. Inc.*, 1 Cal. 5th 480, 505, 376 P.3d 672, 688

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 19-02207-MWF (KKx) | Date:  November 29, 2022 |
| Title:    Shyrome Hardmon v. Ascena Retail Group, Inc., et al | |

(2016) (internal citation omitted) ("Even under the percentage of fund method, time records tend to illuminate the attorneys' role in the creation of the fund, and, thus, inform the court's inquiry into the reasonableness of a particular percentage.").

Perhaps not coincidentally, the only attorney who submitted detailed time records claims to have worked among the fewest number of hours.  (*See* Katri Decl.) ("My law office has incurred a total of 20.6 attorney hours as of today and I expect to spend approximately 10 hours [thereafter]."). Meanwhile, the attorneys that did not submit detailed time records claim the following hours; Mr. Barnes claims 44 hours, Mr. Lander claims 37.5 hours, Mr. Bradley claims 53 hours, Ms. Grombacher claims 14 hours, and Ms. King claims 27 hours, not including the time any of those attorneys anticipate spending on the action after submitting this Motion.  (*See* Barnes Decl. ¶¶ 15-16; Bradley Decl. ¶ 25).

Given this dearth of information, the Court will assume that each attorney reasonably worked 20 hours at their claimed rate, except Ms. Grombacher who will be credited with working the 14 hours claimed.  The Court comes to this conclusion based on the fact that the only attorney who submitted detailed billing records worked roughly 20 hours at the time this Motion was filed.  *See Ellerd*, 2010 WL 11679622, at *4 (C.D. Cal. Feb. 4, 2010) ("Any uncertainty in time records will be construed against [counsel]."); *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("[H]ours may be reduced by the court where documentation of the hours is inadequate; if the case was overstaffed and hours are duplicated; if the hours expended are deemed excessive or otherwise unnecessary.").  Applying that framework, the fee amount adds up to $81,500.  The Court will add an additional $9,750 to account for 15 additional hours, at a rate of $650, for work reasonably anticipated after submission of this Motion.  In sum, the loadstar fee amounts to $91,250.

While the Court acknowledges that this is a rough "best guess" number, it serves a useful purpose in illuminating the reasonableness of the fee amount actually requested ($66,666.67).  It is telling that even after shaving off a significant amount of claimed hours (from 216.1 to 129), the loadstar method still produces a substantially higher fee than the percentage-of-recovery fee requested.  Likewise, even if the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 19-02207-MWF (KKx)**   **Date:  November 29, 2022**
**Title:    Shyrome Hardmon v. Ascena Retail Group, Inc., et al**

were to cut the claimed hourly rates across the board to $550 an hour, the loadstar fee would still be higher than the requested fee amount ($70,950 vs. $66,666.67, assuming 129 hours reasonably worked).  Therefore, the Court's loadstar cross-check suggests that the 33.3% is a reasonable upward departure from the 25% benchmark.

Accordingly, the Court approves the requested attorneys' fees.

### C.    Reimbursement of Litigation Expenses

Counsel next seeks reimbursement of litigation expenses in the amount of $3,428.92.

Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters.  *See Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994).  The costs claimed by the law firms here are all litigation related costs, including filing fees, court fees, service of process fees, and costs associated with photocopying and scanning documents.  (*See* Barnes Decl., Ex. 2; Bradley Decl., Ex. 1).  Attorneys routinely bill clients for such expenses, and it is therefore appropriate to allow counsel to recover these costs from the settlement fund.  *See In re TD Ameritrade Account Holder Litigation*, 2011 WL 4079226, * 16 (N.D. Cal. 2011) (approving costs for filing fees, photocopying costs, messenger and travel costs and other administrative expenses, based on settlement).  Class members were also notified that counsel would seek reimbursement of litigation expenses up to $4,500 and no Class Members have objected to the requested expenses.

Accordingly, the Court concludes that the request for litigation expenses is reasonable.

### D.    Claims Administrator Fee

Plaintiffs' counsel also seeks fees to cover the Claims Administrator's costs of $17,850.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  EDCV 19-02207-MWF (KKx) | Date:  November 29, 2022 |
| Title:       Shyrome Hardmon v. Ascena Retail Group, Inc., et al | |

Courts regularly approve Claims Administrator fees, and the fees requested here appear reasonable compared to the amount claimed in other cases and considering the substantial number of Class Members (over 2,000). *See e.g.*, *Rodriguez v. Penske Logistics, LLC*, No. CV 14-02061-KJM (CKD), 2019 WL 246652, at *15 (E.D. Cal. Jan. 17, 2019) (approving $16,000 to administrator charged with handling 770 claims); *Schiller v. David's Bridal, Inc.*, No. CV 10-00616-AWI, 2012 WL 2117001, at *14 (E.D. Cal. June 11, 2012), *report and recommendation adopted*, No. CV 10-616-AWI (SKO), 2012 WL 13040405 (E.D. Cal. June 28, 2012) (awarding $28,000 administration costs from $518,000 settlement, or 5.4% of gross); *Chu v. Wells Fargo Invs., LLC*, No. C-05–4526-MHP, 2011 WL 672645, at *6 (N.D. Cal. Feb. 16, 2011) (granting $40,528.08 in costs associated with administration of case with 1,320 class members).

Accordingly, the Claims Administrator fee is approved.

### E.     Service Payments for Named Plaintiffs

The Settlement proposes a compensatory award of $3,500 to the two named class plaintiffs in connection with their time and efforts expended in this litigation. "[N]amed plaintiffs . . . are eligible for reasonable incentive payments" as part of a class action settlement. *Staton v. Boeing*, 327 F.3d 938, 977 (9th Cir. 2003). When evaluating the reasonableness of an incentive award, courts may consider factors such as "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . the amount of time and effort the plaintiff expended in pursuing the litigation . . . and reasonabl[e] fear[s of] workplace retaliation." *Id.*

Plaintiffs state that the two named plaintiffs have been "diligent and acted above and beyond that which is expected of a Class Representative throughout all stages of the litigation." (Motion at 22). The named plaintiffs "spent numerous hours in consolation" with counsel regarding the issues and they also reviewed the documents related to the case. (*Id.*). Moreover, the named plaintiffs assumed the risk of incurring the costs that would have been assessed against them had they lost, and they risked

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV 19-02207-MWF (KKx)           Date:  November 29, 2022
Title:     Shyrome Hardmon v. Ascena Retail Group, Inc., et al

being blackballed from their work if other employers find out about their role in this action.  (*Id.* at 23).

While the Plaintiffs will be receiving substantially more than the average payout of $41.90, there are only two named plaintiffs and the total amount being paid towards service payments is $7,000, which is only 3.5% of the total settlement fund.  *See Online DVD-Rental.*, 779 F.3d at 947 (approving service payment/incentive award that was "roughly 417 times larger than the $12 individual award" in part because the total incentive awards made up "a mere .17% of the total settlement fund"); *but see Staton*, 327 F.3d at 976-77 (disapproving incentive awards that were 30 times the award going to unnamed plaintiffs and which represented 6% of total settlement fund).  The Court also notes that the service payments here are below $5,000, which is the "typical enhancement award in this Circuit."  *Gaudin v. Saxon Mortg. Servs., Inc.*, No. 11-CV-01663-JST, 2015 WL 4463650, at *6 (N.D. Cal. July 21, 2015) (citing cases).

The Court concludes that an award of $3,500 to the two named plaintiffs is reasonable.

### F.     Class Certification

The Court preliminarily approved the Settlement.  Implicit in that approval was preliminary certification of the class here.  Reviewing the class definition and materials provided by Plaintiffs, the Court concludes that the class satisfies the requirements of Rule 23, and the settlement should be approved.  The class consists of a sufficiently large number of members, and their claims all involve questions concerning uniform company policies.  The Court determines that preliminary certification of the class was appropriate.

## IV.    CONCLUSION

The Court **GRANTS** the Motion for Final Approval of the Settlement.

The Court awards class counsel $66,666.67 in fees and $3,428.92 in costs.  The Court also awards $17,850 in costs to the Claims Administrator and $3,500 to each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  EDCV 19-02207-MWF (KKx)          **Date:**  November 29, 2022
Title:      Shyrome Hardmon v. Ascena Retail Group, Inc., et al

named plaintiff as a service payment. Each of these awards shall be paid from the settlement fund.

A separate judgment will issue.

IT IS SO ORDERED.